# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# Huntington Division

**TARA ALIFF,**

    **Plaintiff,**

    v.                                            **Civil Action No. 3:16-cv-10119**
                                                   **Judge Robert C. Chambers**

**BANK OF AMERICA, N.A., and**
**DITECH FINANCIAL, LLC,**

    **Defendants.**

## DEFENDANTS BANK OF AMERICA, N.A'S AND DITECH FINANCIAL, LLC'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

Defendant, Ditech Financial, LLC ("Ditech") and Bank of America, N.A. ("BANA") (collectively "Defendants"), by counsel, submit this Memorandum in Support of their Motion to Dismiss the First Amended Complaint filed by Plaintiff, Tara Aliff ("Plaintiff"), seeking dismissal of all of Plaintiff's claims for relief.

## I. INTRODUCTION

To the extent it can be understood, Plaintiff's First Amended Complaint appears to assert three claims for relief against Defendants, including two individual claims for violations of the Truth in Lending Act ("TILA") (Counts I and II), and one individual claim for unjust enrichment (Count III). Under these allegations, federal law mandates dismissal of Plaintiff's claims because she admits that Defendants refunded the excess funds in her account and has failed to plead that Defendants do not fall within the exceptions set forth in 15 U.S.C. § 1639f.

## II. ARGUMENT

### A. Standard of Review

In order for a complaint to survive dismissal for failure to state a claim, Plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). A complaint must state "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009) (*quoting Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)). The Court is not required to consider unsupported legal conclusions or legal conclusions disguised as factual allegations. *See Ashcroft*, 556 U.S. at 677; *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986); *Schweikert v. Bank of America*, 521 F.3d 285, 288 (4th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 677.

Moreover, if the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotations and citations omitted). Dismissal is proper under Rule 12(b)(6) where, construing the allegations of the Complaint in a light most favorable to the Plaintiff and assuming the alleged facts to be true, it is clear as a matter of law that no relief can be granted. Here, the facts alleged in the First Amended Complaint are insufficient to state a claim. Accordingly, these Counts must be dismissed.

B. **Plaintiff Fails to State a Claim in Count I (Failure to Refund Overpayment) because Ditech Refunded Excess Funds within a Reasonable Time.**

Plaintiff has failed to plead facts to support a violation of TILA in Count I. Indeed, there can be no violation of 15 U.S.C. § 1666d as Plaintiff admits that Ditech has fully refunded Plaintiff's excess funds.

> Section 1666d provides:
>
> Whenever a credit balance **in excess of $ 1** is created in connection with a consumer credit transaction through (1) transmittal of funds to a creditor in excess of the total balance due on an account, (2) rebates of unearned finance charges or insurance premiums, or (3) amounts otherwise owed to or held for the benefit of an obligor, the creditor shall--
>
> **(A)** credit the amount of the credit balance to the consumer's account;
>
> **(B)** refund any part of the amount of the remaining credit balance, upon request of the consumer; and
>
> **(C)** make a good faith effort to refund to the consumer by cash, check, or money order any part of the amount of the credit balance remaining in the account for more than six months, except that no further action is required in any case in which the consumer's current location is not known by the creditor and cannot be traced through the consumer's last known address or telephone number.

15 U.S.C. § 1666d (emphasis added).

In other words, TILA requires creditors to make a good faith effort to refund an overpayment. TILA *does not* require the refund to be paid within a certain period of time.

Plaintiff admits that Ditech refunded $22,870.89 on September 19, 2016. (First Amd Compl. ¶ 10). Plaintiff has failed to allege that this amount was insufficient to refund the overpayment. Because Plaintiff has failed to allege a "balance in excess of $ 1" she has failed to state a claim for which relief can be granted. *See Vincent v. Money Store*, 402 F. Supp. 2d 501, 504, (S.D.N.Y. 2005) ("15 U.S.C. § 1666d and 12 CFR § 226.21 **only apply** where there is a

3

credit balance in excess of $ 1 in the debtor's account.") (emphasis added) *rev'd on other grounds by Vincent v. Money Store*, 736 F.3d 88 (2d Cir. 2013).

In her First Amended Complaint, Plaintiff cites the Expedited Availability of Funds Act, 12 U.S.C. § 4001, *et seq.* ("EFAA") to allege that Defendants have a legal duty to refund the overpayment within a "commercially reasonable time." (First Amd Compl. ¶ 17). However, the EFAA applies only to banks that make funds available for a depositor's withdrawal within certain short time periods. *See* 12 U.S.C. § 40002(b). The purpose of the "[a]ct is to provide faster availability of deposited funds." *Haas v Commerce Bank*, 497 F Supp 2d 563, 565 (S.D.N.Y. 2007). The EFAA is completely unrelated to TILA's requirement that creditors refund excess funds in a consumer's account.

Moreover, even if Defendants had a duty under TILA to refund excess funds in a "commercially reasonable time," which they do not, Ditech refunded the excess funds in a reasonable time. Ditech is alleged to have received the funds on August 29, 2016, and refunded the amount on September 19, 2016. (First Amd Compl. ¶¶ 8, 10). Yet, Plaintiff has failed to plead facts as to how holding excess funds for 21 days is unreasonable. Indeed, 21 days is a reasonable amount of time for a servicer to withhold large amounts of excess funds for numerous reasons; including accounting and processing. Additionally, Regulation X of the Real Estate Settlement Procedures Act ("RESPA") allows servicers up to 30 days to refund surplus funds in an escrow account. *See* 12 CFR 1024.17(f)(ii)(2)(ii). Withholding excess funds for 21 days, 9 days less than RESPA's requirements, is reasonable. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted and Count I should be dismissed with prejudice.

### C. Plaintiff Fails to Allege Sufficient Facts to State a Claim in Count II (Failure to Credit Payment) Because Plaintiff has failed to Allege That Defendants Do Not Fall Within the Exceptions Set Forth in 15 U.S.C. § 1939f.

Plaintiff has failed to state a claim under 15 U.S.C. § 1639f because she failed to allege that Defendants do not fall within the exceptions set forth in subsections (a) and (b) of the statute or acknowledge that these exceptions exist.

Section 1639f provides:

**(a)** In general. In connection with a consumer credit transaction secured by a consumer's principal dwelling, no servicer shall fail to credit a payment to the consumer's loan account as of the date of receipt, **except when a delay in crediting does not result in any charge to the consumer or in the reporting of negative information to a consumer reporting agency**, except as required in subsection (b).

**(b) Exception**. If a servicer specifies in writing requirements for the consumer to follow in making payments, but accepts a payment that does not conform to the requirements, the servicer shall credit the payment as of 5 days after receipt.

15 U.S.C. § 1639f (emphasis added).

In other words, there are two exceptions where a servicer may not credit a payment on the date of receipt: (1) when there is no charge for the delay and no negative credit reporting and (2) when the consumer did not follow the servicer's written requirements for making the payment but the servicer nevertheless accepts the payment. Plaintiff's First Amended Complaint fails to allege facts that show Defendants do not fall within either exception.

Plaintiff's First Amended Complaint alleges that Defendants received the payment on August 29, 2016, but did not credit the payment until August 31, 2016. (First Amd Compl. ¶ 9). Plaintiff claims to have suffered damages in the form of "payment of additional interest" (First Amd Compl. ¶ 24). However, Plaintiff fails to plead sufficient facts to support this barebones allegation. Furthermore, the First Amended Complaint is devoid of any allegation that

Defendants reported negative information to a consumer reporting agency. Therefore, Plaintiff has failed to plead sufficient facts showing that Defendants do not fall within the first exception.

Even if Plaintiff sufficiently pleaded that Defendants do not fall within the first exception, she has failed to allege that she made this payment in conformity with Ditech's written requirements pursuant to § 1639f(b). Plaintiff claims that she "endorsed the Nationwide check and mailed it to Ditech, requesting the check be negotiated with the funds applied first to payoff her Promissory Note, with the balance of the funds being remitted and returned to Plaintiff's representative." (Compl. ¶ 7). The Complaint does not allege that this payment was in conformity with Ditech's written requirements or that Ditech did not provide written requirements. Plaintiff's lack of conformity allows the servicer to "credit the payment as of 5 days after receipt." 15 U.S.C. § 1639f(b). The alleged two-day delay is within the 5 day exception. Therefore, Plaintiff has not alleged sufficient facts to plead a claim for which relief can be granted and Count II must be dismissed.

**D.** **Plaintiff Fails to State a Claim in Count III (Unjust Enrichment) Because Negligence for Failure to Refund in a Reasonable Time is Not an Independent Cause of Action and Plaintiff Fails to Allege that Defendants Were Enriched.**

Plaintiff claims that Defendants negligently and intentionally converted Plaintiff's funds by failing to remit a refund within a commercially reasonable time. (Comp. ¶ 26). Plaintiff further claims that Defendants have been unjustly enriched by withholding these funds. (*See* First Amd Compl. ¶ 27).

To prevail on a claim for unjust enrichment, a party must show that it has paid money to another party because of a mistake of fact that a contract, or other obligation, required such payment. *See Prudential Ins. Co. of Am. V. Couch*, 180 W. Va. 210, 214 (W. Va. 1988). In such

6

a case the party making the payment is entitled to repayment because it would be unjust to allow the payee to retain the money on which it had no valid claim. *Id.* The theoretical basis for this principle is that it would be unjust to allow a person to **retain money** on which he had no valid claim and be unjustly enriched thereby. *Id.* (emphasis added).

Here, Plaintiff's claim fails because she does not allege that a benefit has been conferred upon the Defendants or that Defendants have *retained* the money to which Plaintiff is entitled. To the contrary, Plaintiff expressly acknowledges that Ditech paid Plaintiff the money she seeks to recover. (*See* First Amd Compl. ¶ 10 ("Ditech delayed mailing to Plaintiff her refund check…until September 19, 2016")). Therefore, Defendants have not been unjustly enriched as Plaintiff has already received the repayment that she would have been entitled. Plaintiff is not entitled to more than this repayment because an action for unjust enrichment is an equitable action that only seeks equitable relief, not legal damages. *See Dunn v. Rockwell*, 225 W. Va. 43, 54 (W. Va. 2009). Accordingly, Plaintiff's claim for unjust enrichment fails to state a claim as a matter of law and must be dismissed.

### III.     CONCLUSION

For the reasons set forth above, Defendants Ditech Financial, LLC, and Bank of America N.A. by counsel, respectfully request that the Court dismiss Plaintiff's First Amended Complaint, in its entirety, with prejudice, and enter judgment in favor of Defendants. Defendants respectfully request that this Court award Defendants their costs and attorneys' fees expended herein, and grant such other and further relief as the Court deems just and appropriate.

Dated: November 2, 2016    Respectfully submitted,

**DITECH FINANCIAL, LLC, and
BANK OF AMERICA, N.A.**


By:  /s/ Jonathan M. Kenney
    Of Counsel


Jonathan M. Kenney (WV Bar No. 12458)
David M. Asbury (WV Bar No. 12952)
*Counsel for Defendants*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7757
Facsimile: (757) 687-1504
E-mail: jon.kenney@troutmansanders.com
E-mail: david.asbury@troutmansanders.com

8

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of November, 2016, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court using the CM/ECF system, and I further certify that a true and correct copy of the foregoing Motion to Dismiss was sent via first class mail, postage prepaid, to the following:

**Counsel for Plaintiff**
J. William St Clair (W. Va. Bar No. 5210)
Legal Aid of West Virginia
1005 Sixth Avenue
Huntington, West Virginia 25701
Telephone:  (304) 697-2070 ext 2515

/s/ Jonathan M. Kenney
Jonathan M. Kenney (WV Bar No. 12458)
David M. Asbury (WV Bar No. 12952)
*Counsel for Defendants*
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone:  (757) 687-7757
Facsimile:   (757) 687-1504
E-mail: jon.kenney@troutmansanders.com
E-mail: david.asbury@troutmansanders.com